# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 20-0756V

| | |
|---|---|
| CAMILLE JEFFERSON,<br><br>                   Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                   Respondent. | Chief Special Master Corcoran<br><br>Filed: August 23, 2023 |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Ronalda Elnetta Kosh*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On June 23, 2020, Camille Jefferson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine that was administered to her on October 14, 2017. Petition, ECF No. 1. On February 17, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 58.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $41,977.80 (representing $39,868.30 in attorney's fees and $2,109.50 in attorney's costs). Petitioner's Application for Attorney's Fees and Costs ("Motion") filed July 18, 2023, ECF No. 63. In accordance with General Order No. 9, Petitioner represents that Petitioner incurred no out-of-pocket expenses. ECF No. 64.

Respondent reacted to the motion on July 31, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 65. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Furthermore, Petitioner has provided supporting documentation for all claimed costs. Attachment to Motion at 35-57. Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$41,977.80 (representing $39,868.30 in attorney's fees and $2,109.50 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Ronald C. Homer.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.